**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**
www.flmb.uscourts.gov

In re:                                                                                          Case No. 8:21-bk-05096-CPM
                                                                                                Chapter 13

Nick Wesley Maccombs
Amy Nick Maccombs

      Debtor(s).
_____/

**TRUSTEE'S UNFAVORABLE RECOMMENDATION**
**AND OBJECTIONS TO CONFIRMATION OF THE PLAN**

TO:  Clerk, United States Bankruptcy Court

    1.     The Debtors' Petition for Relief to Chapter 13 was filed on October 1, 2021.

    2.     <u>Trustee's Recommendation to the Court</u>.  The Trustee cannot recommend confirmation of the Chapter 13 Plan at this time for the following reason(s):

    3.     It does not appear that the Debtors have dedicated all disposable income to the proposed Plan as required by 11 U.S.C. §1325(b)(1)(B).

        a. The Trustee hereby requests/has requested the following additional documents pursuant to the District-wide Administrative Order Prescribing Procedures for Chapter 13 Cases, to determine if the Debtors have dedicated all disposable income to the Plan:

        proof of expenses listed on Schedule J line 6 for September – November 2021.

        b. Debtors' Current Monthly Income **(Form 122C-1)** needs to be amended to:

        correct line 2 because it should be $7,297.00 per month.

        c. Debtors must complete **Form 122C-2** because the Debtors exceed the median income.

        d. Debtors are over median debtors as defined by 11 U.S.C. §1325(b)(4), therefore, the plan must be a 60 month Plan.

        e. Pursuant to the District-wide Administrative Order Prescribing Procedures for Chapter 13 Cases, Debtors shall timely file all tax returns and make all tax payments and deposits when due. (However, if Debtors are not required to file tax returns, Debtors shall provide Trustee with a statement to that effect.)  For each tax return that becomes due after the

case is filed, Debtors shall provide a complete copy of the tax return; including business returns if Debtors own a business, together with all related W-2's and Form 1099's to the Trustee within 14 days of filing the return. Unless otherwise consented to by the Trustee or ordered by the Court, Debtors shall turn over to the Trustee all tax refunds in addition to regular Plan payments, beginning with the tax year 2021.  Debtors shall not instruct the Internal Revenue Service or other taxing agency to apply a refund to the following year's tax liability.  **Debtors shall spend no tax refunds without first having obtained the Trustee's written consent or court approval.**

4. According to Schedules I and J, it does not appear that the Debtors have sufficient disposable income to fund the proposed Plan as required by 11 U.S.C. §1325(a)(6). An amended budget must be filed.

5. The Plan violates 11 U.S.C. §1325(a)(4) because it does not pay unsecured creditors the value of what they would receive in a case under Chapter 7.

a. The Trustee hereby requests/has requested the following additional documents pursuant to the District-wide Administrative Order Prescribing Procedures for Chapter 13 Cases, to determine if the Debtors have met the best interests of creditors test:

copies of all bank account statements as of petition date.

6. The Debtors' Statement of Financial Affairs must be amended to correct income for 2019 on question #4.

/s/ Sarah K. Olsen
Sarah K. Olsen, Esquire
Florida Bar No. 44714
Staff Attorney for Chapter 13 Trustee
P.O. Box 25001
Bradenton, Florida 34206-5001
Phone:  (941) 747-4644
Fax:     (941) 750-9266

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing Trustee's Unfavorable Recommendation and Objections to Confirmation of the Plan has been furnished electronically by CM/ECF services and/or by U.S. Mail to **Nick Wesley Maccombs and Amy Nick Maccombs**, Debtors, 7309 Populus Dr, Port Richey, FL 34668, **Ziona Kopelovich, Esquire**, Attorney for Debtors, c/o Debt Relief Law Offices of Tampa Bay**,** 5422 Trouble Creek Rd, New Port Richey, FL 34652 and the **U.S. Trustee,** 501 East Polk Street, Suite 1200, Tampa, Florida 33602 on this 3rd day of November, 2021.

/s/ Sarah K. Olsen
Sarah K. Olsen, Esquire

JMW/SKO/ss